■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY LINDENAUER, Appellant. Motion to dismiss appeal denied, cross motion granted, and appeal from judgment of the Supreme Court, New York County, rendered January 26, 1973, convicting appellant of bribery and imposing sentence, dismissed due to the death of appellant, and the case remanded to the Supreme Court, New York County, for the purpose of vacating the judgment of conviction and dismissal of the indictment. (*People* v. *Mintz*, 20 N Y 2d 753; *People* v. *Stokes*, 45 A D 2d 706.) Concur — Markewich, J. P., Nunez, Murphy, Tilzer and Lane, JJ.

## (October 29, 1974)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH COLOMBO, Appellant.— Judgment, Supreme Court, New York County, rendered on March 11, 1971, unanimously affirmed, without prejudice to an application to the trial court to modify the sentence by reason of the defendant's alleged physical condition. No opinion. Concur — Kupferman, J. P., Murphy, Lupiano, Capozzoli and Yesawich, JJ.

■ DOROTHY LUNETTI, Respondent, v. LOUIS LUNETTI, Appellant.— Order, Supreme Court, New York County, entered on May 17, 1974, which denied defendant's motion to modify a prior order of the court which had granted alimony *pendente lite* to plaintiff, unanimously modified, on the law and the facts, to the extent of granting the motion by reducing the amount directed to be paid for the support of the wife to $2,500 per month, and as so modified, affirmed, without costs and without disbursements. Under the terms of the original order, the husband was to pay $800 per week, from which the wife was to pay the mortgage interest, amortization, taxes and other necessary expenses of a jointly owned marital home. That order further provided that in the event of a sale of that home or the commencement of a foreclosure action upon the mortgage thereon, the defendant could apply for a modification of the order. The husband did so move after a foreclosure action was commenced. Upon the record before us, sufficient was demonstrated to warrant a reduction of the amount of support based upon the change of circumstances. Accordingly, the order should have been modified by reducing the temporary alimony award to the extent indicated herein. Concur — Kupferman, J. P., Murphy, Lupiano, Capozzoli and Yesawich, JJ.